PER CURIAM.
Carl Collin Weekes appeals an order denying postconviction relief. We affirm.
*737 Defendant-appellant Weekes entered into a plea bargain relating to multiple offenses. He alleges that in the plea hearing on November 2, 1995, “the State’s Attorney gave assurances that due to petitioner’s prior service in the armed services the petitioner would not be subject to deportation .... ” Defendant states that in 1999 the Immigration and Naturalization Service (INS) initiated deportation proceedings seeking to deport him to Barbados.
Defendant filed a petition for writ of audita querela seeking relief from his plea. The trial court properly treated this as a motion for postconviction relief under Florida Rule of Criminal Procedure 8.850. See Peart v. State, 756 So.2d 42, 45 (Fla.2000).
A review of the plea colloquy discloses no statement by the prosecutor indicating that the defendant would not be deported as a result of his plea. Indeed, the plea colloquy indicates the opposite:
THE COURT: Do you understand, Mr. Weekes, if you’re not a United States citizen, this plea could result in your being deported to the country of your birth?
THE DEFENDANT: Yes.
Since the defendant was advised of the possible deportation consequences of the plea, the trial court properly denied defendant’s motion.
Affirmed.